FILED
CLERK
9/6/2016 3:45 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WILLIAM HERNANDEZ,

                Plaintiff,

        -against-                                    ORDER
                                            14-CV-3490 (JMA)(SIL)

JOHN DOE 1, SHIELD 40116, et al.,

                Defendants.
-------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

Plaintiff William Hernandez commenced this lawsuit on June 2, 2014 alleging claims under 42 U.S.C. § 1983. On June 25, 2015, defendant Abbas Zaigham ("Abbas") filed a motion to dismiss for failure to state a claim. Plaintiff was to serve opposition papers to the motion by June 5, 2015. Counsel for defendant represented that they were never served with Plaintiff's opposition, and requested that the motion be granted on default.

On April 15, 2015, the defendants Suffolk District Attorney Thomas Spota, Suffolk County Sheriff Vincent DeMarco, Suffolk Police Commissioner Edward Webber, Lieutenant Frank Catalina, and Joan Raia filed a pre-motion conference request with the Court seeking permission to file a motion to dismiss. In an Order entered on May 20, 2015, the Court waived the pre-motion conference requirement and permitted defendants to serve their motion on plaintiff. Plaintiff was to serve opposition papers to the motion by July 22, 2015. In a conference held with the Court on August 4, 2015, plaintiff was directed to file his opposition to the defendants' respective motions to dismiss with the Clerk of Court by September 11, 2015.

On January 21, 2016, the Court issued an order directing the plaintiff to respond by February 19, 2016 by either filing his opposition to defendants' motion to dismiss or alerting the

Court that he would not oppose defendants' motion but still intended to prosecute this lawsuit. The Court warned that failure to respond would result in the action being dismissed for failure to prosecute. Plaintiff failed to serve and file his opposition papers or respond to the Court that he intends to prosecute this lawsuit. On March 1, 2016, the Court dismissed all plaintiff's claims for failure to prosecute and noncompliance. On March 3, 2016, defendant Abbas filed a letter motion requesting that the Court reconsider its prior order dismissing the action without prejudice under Rule 41(b) and instead grant Abbas's unopposed Rule 12(b)(6) motion dismissing the action against Abbas with prejudice. Plaintiff did not file any opposition.

"Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3." U.S. v. Real Prop. & Premises Located at 249-20 Cambria Ave., Little Neck, N.Y. 11362, 21 F. Supp. 3d 254, 259 (E.D.N.Y. 2014). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013).

Defendant Abbas contends that he is entitled to a final adjudication of his motion to dismiss this action and that he will be prejudiced if the complaint is dismissed against him without prejudice. Upon careful reconsideration, the Court agrees.

## I. BACKGROUND

The following facts relating to defendant Abbas are drawn from the complaint and assumed to be true for the purpose of defendant's motion.

Plaintiff alleges that on August 30, 2012, he "was assaulted with a bat by the manager of the gas station, Abbas Zaigham." (Am. Compl. at 2, ECF No. 22.) This is the only factual allegation in the complaint relating to defendant Abbas.

## II. DISCUSSION

Although this action is styled as a claim under 42 U.S.C. § 1983 ("Section 1983"), any alleged Section 1983 claim against Abbas must be dismissed because the complaint does not allege, nor could it plausibly allege, that Abbas was acting under color of state law. See Back v. Hastings on Hudson Union Free School Dist., 365 F. 3d 107, 122 (2d Cir. 2004) (finding that in order to establish individual liability under Section 1983, a plaintiff must show that the defendant is a person acting under the color of state law who caused the plaintiff to be deprived of a federal right, and was personally involved in the alleged constitutional violations). Therefore, any Section 1983 claims against Abbas are dismissed with prejudice.

Reading the complaint broadly as required for a pro se submission, plaintiff may also be alleging an assault claim against Abbas under state law. However, any assault claim is barred by the statute of limitations.

New York Civil Practice Law and Rules 215 creates a one year statute of limitations for intentional tort claims such as assault. N.Y. C.P.L.R. § 215(3). A federal court sitting in diversity must apply state substantive laws, such as the laws regarding statutes of limitations. This action was filed on June 2, 2014, more than one year after the cause of action accrued. Therefore, any assault claim is dismissed with prejudice.

## III. CONCLUSION

For the foregoing reasons, defendant Abbas's motion for reconsideration of the March 1, 2016 Order is granted and defendant Abbas's motion to dismiss the complaint is granted with prejudice.

**SO ORDERED.**

Date:   September 6, 2016
        Central Islip, New York

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge
